IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD B. GUERRERA,

        **Plaintiff,**

vs.                                                                                                        No.  01cv1343 DJS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's (Guerrera's) Motion to Reverse or Remand the Administrative Agency Decision **[Doc. No. 7]**, filed July 8, 2002, and fully briefed on July 26, 2002.  The Commissioner of Social Security issued a final decision denying Guerrera's application for disability insurance benefits and supplemental security income.  Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds the motion to remand is well taken and will be GRANTED.

### I.  Factual and Procedural Background

Guerrera, now forty-two years old, filed his application for disability insurance benefits and supplemental security income on March 8 and March 29, 2000, respectively, alleging disability since December 10, 1997, due to hand and back impairments.  Guerrera has an eleventh grade education and past relevant work as a maintenance worker and tile setter.  On May 25, 2001, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding that Guerrera's status post splenectomy, status post open reduction and internal fixation of left

metacarpal fracture, spinal impairment and hepatitis C were severe impairments but did not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. Tr. 16. The ALJ further found Guerrera retained the "residual functional capacity (RFC) for light and sedentary work with lifting to twenty pounds in a relatively low stress environment with ability to occasionally alternate sitting/standing/walking and in an environment that doesn't involve loud noises." Tr. 19. As to his credibility, the ALJ found Guerrera's allegations to be inconsistent in some areas. Tr. 18. Guerrera filed a Request for Review of the decision by the Appeals Council. On September 28, 2001, the Appeals Council denied Guerrera's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Guerrera seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Baker v. Bowen*, 886 F.2d 289, 291

(10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### III. Discussion

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20

C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse, Guerrera makes the following arguments: (1) the ALJ erred in not finding his depression to be a severe impairment; (2) the ALJ erred in his assessment of credibility; and (3) the ALJ erred in finding that significant jobs existed in the national economy that he could perform.

## A.  Mental Impairment

Guerrera argues that the ALJ erred in finding, at step two, that he had no severe mental impairment.  The ALJ found that, although the Guererra alleged depression and took an antidepressant for it, the record failed to show that he was ever treated or was being treated by a psychiatrist, psychologist, or counseling therapist for his depression.  Tr. 16.  The ALJ noted that the record indicated Guererra was referred for counseling, however, "no records to support treatment of this nature [had] been received." *Id.*  Accordingly, the ALJ found that the evidence of record did not support the complaints of depression as being a severe impairment.

At step two, a claimant need only make a "de minimus" showing of medical severity. *See Williams v. Bowen*, 844 F.2d 748,  751 (10th Cir. 1988).   However, the claimant must show more than the mere presence of a condition or ailment. *See Hinkle v. Apfel*, No. 97-6099, 1997 WL 787158, at *2 (10th Cir. Dec. 24, 1997).  An impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered."  SSR 85-28, 1985 WL 56856, at *3.

Inherent in a finding of a medically not severe impairment is the conclusion that the individual's ability to engage in substantial gainful activity is not seriously affected.  *Id.* at *4.

The record reveals the following evidence regarding Guerrera's depression:  On March 14, 2000, Dr. Peter Koenigsberg noted that Guerrera reported "some depression."  Tr. 167-68.  Dr. Koenigsberg prescribed Amitriptyline 25 mg at bedtime for the depression.  Dr. Koenigsberg did not refer Guerrera to counseling and only requested Guerrera return on a prn (as needed) basis.  Tr. 168.  In his June 5, 2000 Reconsideration Disability Report, Guerrera noted he was suffering from depression.  Tr. 107.  In an undated form titled "Claimant's Medications," Guerrera listed Zoloft as a medication he was taking for depression.  Tr. 123.  On October 30, 2000, Guerrera reported problems with depression "over the last several months."  Tr. 261.  Dr. Koenigsberg prescribed Zoloft 50 mg daily and referred him to Park Center for counseling.  *Id.*  On November 3, 2000, Guerrera went to Lovelace Health Systems with complaints of depression.  On November 30, 2000, Guerrera returned to Lovelace Health Systems for a follow-up of his depression.  Tr. 258.  Guerrera reported he had problems with Zoloft and only took it for ten days.  *Id.*  Guerrera also reported he felt quite depressed at times, especially when he was alone at home during the day. *Id.*   At Guerrera's request, Dr. Koenigsberg kept Guerrera off any antidepressants.  *Id.*  Dr. Koenigsberg referred Guerrera to counseling at Park Center.  On January 23, 2001, Dr. Koenigsberg noted Guerrera was still depressed and was "staying home most of the day and not very active."  Tr. 253.  At that time, Guerrera was taking Zoloft 100 mg daily.  *Id.*  Guerrera reported that the Zoloft was not helping him.  Therefore, Dr. Koenigsberg discontinued the Zoloft and prescribed Serzone 150 mg in the evening and at bedtime.  Tr. 254.  Dr. Koenigsberg noted "He is to continue counseling."  *Id.*  At the Administrative hearing,

Guerrera testified that he was going to counseling every two weeks. Tr. 43. Guerrera testified he was receiving counseling from Claudia Johnson. Although Guerrera testified that Ms. Johnson is a psychologist, she is a therapist.

In this case, the ALJ had to follow § 404.1520a. *See* 20 C.F.R. § 404.1520a. Section 404.1520a sets out the process the ALJ must follow in evaluating mental impairments. Pursuant to this section, the ALJ must first "evaluate [claimant's] pertinent symptoms, signs and laboratory findings to determine whether [claimant] has a medically determinable mental impairment." 20 C.F.R. § 404.1520a(b)(1). At this step, the ALJ found that the record did not support a finding that Guerrera's depression was a medically determinable mental impairment. Accordingly, the ALJ did not proceed to the next step which requires the ALJ to rate the degree of functional limitation resulting from the impairment. *See* 20 C.F.R. § 404.1520a(c)(Rating the degree of functional limitation). Section 404. 1520a(c) includes four broad functional areas in which the ALJ will rate the degree of a claimant's functional limitation: (1) Activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ did find that Guerrera exhibited "no significant restrictions" in his activities of daily living. Tr. 18. The ALJ did not address the other functional areas. However, because the ALJ found that Guerrera did not have a medically determinable mental impairment, he was not required to do so.

Guerrera requests the Court consider the new evidence attached to his Memorandum Brief in Support of Motion to Reverse. Guerrera's Exhibit A consists of an "Initial Assessment" form from Claudia Johnson, M.S.W., L.I.S.W., dated December 27, 2000. Exhibit B is a questionnaire completed by Dr. Koenigsberg on December 17, 2001.

In the Initial Assessment form, under "Mental Status Exam," Ms. Johnson noted the following: (1) <u>Attention/Concentration</u>– intact; (2) <u>Thought Content</u>– relevant; (3) <u>Thought Processes</u>– logical/coherent; (4) <u>Orientation</u>– intact; (5) <u>Memory</u>– intact; (6) <u>Perception</u>– normal; (7) <u>Abstract Thought</u>– intact; (8) <u>Judgment</u>– intact; (9) <u>Insight</u>– fair; and (10) <u>Suicide</u>– ideation; (11) <u>Homicide</u>– NA.  Under current problems, Ms. Johnson noted "not being able to work— depressing."  Under the listing for "Current Medications," Guerrera did not list an antidepressant. Guerrera's responded to a list of symptoms on the clinician's form as follows: (1) depression/yes; (2) insomnia/frequent waking; (3) appetite/always eating; (4) tearfulness/yes; (5) concentration/bad; (6) irritability/yes; (7) anger/yes; (8) overwhelmed/a little; (9) motivation/poor; (10) energy/very weak; (11) self-esteem issues/ low; (12) diminished pleasure/no interest; (13) social withdrawal/yes; (14) sexual functioning/low; (15) excessive worry/a little; (16) mood swings/yes; (17) shortness of breath/yes; (18) suicidal thoughts/minor with no plan or intent; and (19) homicidal thoughts/none.  Ms. Johnson completed this "Initial Assesment" form.

Ms. Johnson diagnosed Guerrera with major depression and assigned Guerrera a Global Assessment of Functioning (GAF) score of 60.  The GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30.  The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death).  DSM-IV at 32.  A GAF score of 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. DSM-IV at 34.

The Court may order the Commissioner to take additional evidence if it is material and there is good cause for failure to incorporate the evidence into the record earlier. *See* 42 U.S.C. § 405g. Evidence is material if "the [Commissioner's] decision might reasonably have been different had the new evidence been before him when his decision was rendered.'" *Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir. 1981)(quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).

Guerrera contends that his first attorney was not aware that a request to Lovelace Medical Center would not result in receipt of all the records and that a separate request had to be made to Lovelace Park Center to obtain psychiatric records. Additionally, Guerrerra contends the records corroborate his testimony that he had seen a mental health care provider. In finding that Guerrera's mental impairment was not severe, the ALJ relied on the fact that there was no record of Guerrera receiving any treatment from a mental health care provider. The Court finds that this new evidence is material and good cause has been shown for failing to incorporate this evidence into the record prior to the ALJ's decision. Accordingly, the Court will remand to allow the ALJ to consider the new evidence and order a psychological evaluation if necessary. However, the Court expresses no opinion as to the extent of Guerrera's mental impairment, or whether he is or is not disabled within the meaning of the Social Security Act.

As to Dr. Koenigsberg's December 17, 2001 questionnaire, the Court will not order the Commissioner to consider it. This evidence was created several months after the ALJ's decision and was based on information available to Guerrera prior to the administrative hearing.

**B.  Credibility Determination**

Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). However, the ALJ's credibility determination does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ need only set forth the specific evidence he relies on in evaluating claimant's credibility. *Id.* The ALJ may also consider his personal observations of the claimant in his overall evaluation of the claimant's credibility. *Id.*

In this case, the ALJ linked his credibility determination to substantial evidence and will not be disturbed. The ALJ gave several reasons for discrediting Guerrera's subjective complaints. See Tr. 17-19.

**C.  Significant Jobs in the National Economy**

Guerrera contends the ALJ erred when he found that Guerrera could perform the work of cashier. Because the Court is remanding this case for reconsideration of Guerrera's mental impairment, which may impact this finding, the Court will not address this issue.

9

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision **[Doc. No. 7]**, filed July 8, 2002, is granted. This matter is remanded to allow the ALJ to reconsider Guerrera's mental impairment, consider the new evidence submitted, and order a psychological evaluation if he finds it necessary.

A judgment in accordance with this Memorandum Opinion and Order will be entered.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**